OPINION
{¶ 1} Defendant-appellant Todd J. Morgan appeals his conviction for driving under suspension entered by the Coshocton County Municipal Court, following the trial court's finding appellant guilty after he entered a no contest plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On October 7, 2003, appellant was cited for operating a motor vehicle under suspension, in violation of R.C.4507.02(D)(1). Appellant entered a plea of not guilty at his arraignment on October 9, 2003. The trial court granted appellant's request to file an untimely motion to suppress. The matter came on for hearing on December 23, 2003. The following evidence was adduced at the hearing.
 {¶ 3} Officer Morgan Eckelberry of the Village of West Lafayette Sheriff's Office, testified he worked the 11:00 p.m. to 7:00 a.m. shift on October 7, 2003. While patrolling the streets of West Lafayette, Officer Eckelberry observed a vehicle being operated by appellant. The officer was familiar with appellant and recognized him. Officer Eckelberry was also aware appellant's driver's license was under suspension. He had been given the information approximately 2½ weeks prior to October 7, 2003, by a fellow officer
 {¶ 4} Officer Eckelberry radioed the vehicle registration to the sheriff's office and proceeded to follow appellant to the Lafayette Mills Apartment Complex, where appellant resides. Appellant parked his vehicle and exited from the driver's side. Upon appellant's stopping the vehicle, Officer Eckelberry activated his overhead lights. The officer asked appellant why he was driving, to which appellant responded he was not driving. Officer Eckelberry informed appellant he had seen him driving, and appellant then stated he had just returned from work. Officer Eckelberry advised appellant he (the officer) knew appellant's license was under suspension. Officer Eckelberry obtained appellant's license from him, ran it through the sheriff's office, and learned it was expired as of February, 2003. Thereafter, the officer issued a citation to appellant.
 {¶ 5} Following the hearing, the trial court denied appellant's motion to suppress, finding Officer Eckelberry had reasonable suspicion based upon articulable facts to stop appellant's vehicle. On January 16, 2004, appellant appeared and advised the trial court he wished to withdraw his former plea of not guilty and enter a plea of no contest to the offense. The trial court found appellant guilty and sentenced him to thirty days in jail. The trial court suspended the jail time and placed appellant on probation for a period two years. The trial court further ordered appellant to pay a fine of $250 plus court costs. The trial court memorialized appellant's conviction and sentence via Judgment Entry filed January 16, 2004.
 {¶ 6} It is from this judgment entry appellant appeals, raising as his sole assignment of error:
 {¶ 7} "I. The trial court committed prejudicial error in overruling the motion to suppress where there was no reasonable suspicion with specific and articulable facts of criminal activity."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court erred in overruling his motion to suppress.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See:State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993),85 Ohio App.3d 623, 627; and State v. Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S. (1996),517 U.S. 690 116 S.Ct. 1657, 134 L.E2d 911A . . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 10} In the instant action, the trial court found Officer Eckelberry had reasonable suspicion based upon articulable facts to stop appellant's vehicle, to wit: the information regarding appellant's license suspension he had obtained approximately two weeks prior. Appellant submits this old information did not give rise to a reasonable and articulable suspicion to justify the stop. We need not resolve this issue as we find Officer Eckelberry's encounter with appellant was consensual.
 {¶ 11} Contact between the police and citizens fall within three main types: (1) a consensual encounter; (2) a brief detention pursuant to Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889; and (3) a full fledged arrest. Statev. Long (1998), 127 Ohio App.3d 328, 333. An officer may approach an individual in a street or other public place for the purposes of a consensual encounter. A consensual encounter is not a seizure, so no Fourth Amendment rights are invoked. Florida v.Bostick (1991), 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389. The individual must be free to terminate the consensual encounter or decline the officer's request. Id. at 439. A Fourth Amendment seizure has taken place "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v.Mendenhall (1980), 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497, syllabus. The request to examine one's identification does not make an encounter nonconsensual. Florida v. Rodriguez (1984),469 U.S. 1, 4-6, 105 S.Ct. 308, 83 L.Ed.2d 165, 169-171;Immigration Naturalization Serv. v. Delgado (1984),466 U.S. 210, 221-222, 104 S.Ct. 1758, 1765-1766, 80 L.Ed.2d 247, 258-259.
 {¶ 12} In the case sub judice, Officer Eckelberry was indeed following appellant based upon the information he received a little over two weeks prior with the intent to conduct an investigation. The officer followed appellant to his residence. Appellant pulled into a parking spot and stopped the vehicle. Officer Eckelberry pulled into the parking lot behind appellant's parked vehicle, and activated his overhead lights. The officer exited his cruiser, approached appellant, and questioned appellant as to why he was driving when his license was under suspension. Appellant was free to terminate the encounter or decline to speak to the officer. Accordingly, we find such was not a stop; therefore, appellant's Fourth Amendment rights were not invoked.
 {¶ 13} Furthermore, based on the facts as developed during the consensual encounter and subsequent investigating, probable cause existed to arrest appellant.
 {¶ 14} Appellant's sole assignment of error is overruled.
 {¶ 15} The judgment of the Coshocton County Municipal Court is affirmed.
Hoffman, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Municipal Court is affirmed. Costs assessed to appellant.